UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONTEZ JOHNSON, *Pro Se*, | ) | Case No.: 1:18 CV 173 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN LEONARD ODDO, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

*Pro se* Petitioner Dontez Johnson filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Johnson is in federal custody in FCI Beckley, serving a federal sentence of 110 months imposed in July 2005 by this Court. While he was on supervised release from his federal conviction, he was arrested in Cuyahoga County and charged in the Cuyahoga County Court of Common Pleas with drug trafficking, drug possession and possessing criminal tools for which he was sentenced in February 2017, to eight and one-half years in prison. In this Petition, he challenges his state court conviction, asserting claims of prosecutorial misconduct, violation of the Confrontation Clause, and ineffective assistance of trial counsel. For the reasons set forth below, the Petition is denied, and this action is dismissed.

**Background**

Petitioner was convicted in this United States District Court on charges of conspiracy to possess with the intent to distribute crack cocaine. He received a sentence of 110 months'

incarceration followed by three years of supervised release. While Petitioner was on supervised release from his federal conviction, he was charged in July 2016 in an 18-count indictment related to two controlled buys of heroin and crack cocaine conducted by the Cleveland Police Department through a confidential informant. *State of Ohio v. Johnson*, No. 105505 (Ohio App. 8 Dist. Jan. 18, 2018). The jury convicted Petitioner on all charges in February 2017. *Id.* The Court sentenced Petitioner to eight and one-half years' incarceration.

Petitioner appealed this conviction and sentence to the Ohio Eighth District Court of Appeals. He raised four assignments of error:

> 1. The jury found, against the manifest weight of the evidence, that [Petitioner] committed the acts charged in the indictment.
>
> 2. The evidence was not legally sufficient to sustain a guilty verdict.
>
> 3. The trial court allowed impermissible testimony which was not proper under Ohio Evid. R. 404(B).
>
> 4. The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14 and the purposes and principles of the felony sentencing guidelines and erred by imposing consecutive sentences.

*Id.* The Appellate Court affirmed his conviction on January 18, 2018. Petitioner has not yet filed an appeal to the Ohio Supreme Court.

Instead, Petitioner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He asserts seven grounds for relief:[1]

> 1. Prosecutorial Misconduct. The Prosecutor's comment to the jury during closing arguments that Petitioner is a drug dealer was opinion and an improper comment.

---

[1] Petitioner numbers his grounds one through five, eight and nine, skipping numbers six and seven.

> 2. Prosecutorial Misconduct. The prosecutor stated [Petitioner] was in the passenger seat and then changed his statement to suggest Petitioner was in the back of the vehicle where the drugs were found.
>
> 3. Violation of the Sixth Amendment Confrontation Clause. The confidential informant refused to take the stand.
>
> 4. Ineffective Assistance of Counsel. Petitioner's counsel failed to object when the prosecutor told jurors they must convict Petitioner because he is a drug dealer.
>
> 5. The Detective who testified committed perjury when he testified he called the same telephone number on two separate drug buys when he stated in the police report he had used different telephone numbers.
>
> 6. Detective Klamert's testimony failed to satisfy all elements of the charges against him.
>
> 7. The State of Ohio indicted him multiple times, subjecting him to double jeopardy.

Petitioner indicates he did not raise these claims to the Ohio Appellate Courts claiming his attorney did not consult with him before filing his direct appeal. He seeks immediate release from prison.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a

determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place

4

is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner: (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553

5

(6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented

6

to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

**Analysis**

Petitioner has not exhausted any of his grounds for relief. They are all asserted for the first time in this Habeas Petition. As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a Habeas Petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See*

7

*O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

Petitioner contends he did not raise his grounds on direct appeal because his court-appointed appellate counsel did not consult with him prior to filing his appeal. It is possible then that Petitioner could have a remedy under Ohio Appellate Rule 26(B) to raise these claims in state court. The Court cannot conclude it would be futile for him to pursue this avenue of relief in an attempt to avoid procedural default.

## Conclusion

For the foregoing reasons, the Petition (ECF No. 1) is denied, and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 16, 2018